IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| QUINTIN TAYLOR, PRO SE, | § | |
| a.k.a. QUINTIN EARL D'MON TAYLOR, | § | |
| a.k.a. QUINTIN EARL TAYLOR, | § | |
| a.k.a. QUINTIN E. D. TAYLOR, | § | |
| a.k.a. QUINTIN E. TAYLOR, | § | |
| TDCJ-CID No. 1462076, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-0085 |
| | § | |
| ANTONIOUS D. FLANAGAN ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff QUINTIN TAYLOR, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against five named defendants employed by the Texas Department of Criminal Justice and has been granted permission to proceed *in forma pauperis*.

Plaintiff alleges that, on September 8, 2015, he was attacked by an inmate Mata, who struck plaintiff several times, but that plaintiff never struck a blow in return. Plaintiff contends both men were injured when plaintiff put Mata in a bear hug and they fell to the floor. Plaintiff alleges defendant Mata suffered a cut lip and a cut by his eye in that fall.

Plaintiff alleges no officer witnessed the incident, but he and inmate Mata both received disciplinary cases for fighting after officers investigated. Plaintiff says defendant FLANAGAN told him "somebody told on [plaintiff]."

Plaintiff alleges that, on September 9, 2015, he was written a disciplinary case by defendant FLANAGAN for engaging in a fight without a weapon with another inmate by exchanging punches to the head and facial area with a closed fist[1].

Plaintiff alleges he was given notice of the charges against him on September 14, 2015 by defendant Counsel Substitute BROWN and he told BROWN he wanted the charging officer, Lt. FLANAGAN, and offender Mata called as his witnesses. He says BROWN told him she would get a statement from offender Mata and Lt. FLANAGAN, the charging officer, would be called as part of standard procedure.

On September 15, 2015, plaintiff received a disciplinary hearing on the charge of fighting an offender without a weapon. Plaintiff pled not guilty. Plaintiff says defendant Counsel Substitute BROWN failed to get a statement from offender Mata as she had said she would, but that plaintiff had gotten his own statement from Mata which he presented to the Disciplinary Hearing Officer, Captain CRUZ. Plaintiff says the statement clarified that offender Mata attacked plaintiff and plaintiff couldn't do anything but grab Mata to stop him from hitting plaintiff because plaintiff was dazed.

Plaintiff complains defendant Captain CRUZ refused to allow plaintiff to cross-examine charging officer Lt. FLANAGAN and excluded the statement from inmate Mata which plaintiff wanted to introduce.

Plaintiff claims defendant Lt. FLANAGAN violated plaintiff's Fourteenth Amendment Due Process rights by lying and falsifying the I-210 disciplinary report.

---

[1] In his complaint, at hand-printed paragraph 9 of plaintiff's attachment to his statement of claim, plaintiff references an "Exhibit A Disciplinary Report #20160011430." No Exhibit A was attached to plaintiff's complaint.

Plaintiff claims defendant Captain CRUZ violated his Fourteenth Amendment rights by disregarding plaintiff's exculpatory evidence in the form of a statement by inmate Mata and by relying on defendant FLANAGAN's statement and not allowing plaintiff to cross-examine FLANAGAN. Plaintiff says defendant CRUZ determined plaintiff was guilty and assessed various privilege restrictions and the loss of ten days of accumulated goodtime credits.

Plaintiff claims defendant Counsel Substitute BROWN violated his Fourteenth Amendment Due Process rights by not properly following TDCJ procedures for disciplinary cases.

Plaintiff claims defendant BEACH violated plaintiff's Fourteenth Amendment rights by not investigating his grievance or by allowing the other defendants to violate rules and procedures which violated plaintiff's Fourteenth Amendment rights.

Plaintiff claims defendant Unit Grievance Investigator II PATTON violated his Fourteenth Amendment rights by not investigating his grievances, by not properly screening his grievance, and by denying his right of Access to the Courts.

Although plaintiff refers to Exhibits A, B, C, D, and E, no exhibits accompanied the Complaint and no grievances were attached, as exhibits or otherwise.

Plaintiff requests a preliminary and permanent injunction of all defendants, ordering them to abide by T.D.C.J. rules and policies, to stop lying and falsifying documents, and to investigate complaints or reports. Plaintiff also requests compensatory damages of $1,000.00 against each defendant jointly and severally, punitive damages of 3,000.00 against each defendant jointly and severally, and costs of suit. Lastly, plaintiff requests that the Court order defendants to overturn disciplinary case no. 20160011430, expunge it from his records, and restore his goodtime credits.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The United States District Judge has reviewed plaintiff's original complaint and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Return of Goodtime Credits**

A claim for good-time credits is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973).

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3]*Cf. Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**Defendants FLANAGAN and CRUZ**

Plaintiff claims defendant FLANAGAN violated his Fourteenth Amendment rights when, after investigating the incident, he wrote plaintiff a disciplinary case for fighting with another inmate without weapons. Plaintiff contends the disciplinary case is false.

There is no section 1983 claim for malicious prosecution in the Fifth Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim under section 1983. *Id.*, 352 F.3d 939 (5th Cir. 2003).

Plaintiff claims defendant CRUZ violated his Fourteenth Amendment Due Process rights when he refuse to credit the statement plaintiff sought to introduce from inmate Mata, did not allow plaintiff to cross-examine the charging officer, defendant FLANAGAN, and relied on FLANAGAN's offense report to find plaintiff guilty of the disciplinary charge. Plaintiff has informed the Court he lost 10 days of accumulated goodtime credits and, as part of his relief, he requests that those credits be returned and the case reversed and expunged from his records.

A grant of the requested relief would cast into doubt the determination of guilt in the disciplinary case. In the wake of *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the *Heck*[4] doctrine is now applied to the prison disciplinary setting. For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means. *See, also, Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th

---

[4]*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

Cir. 1993)(unpublished)).

The relief plaintiff requests makes it clear that this disciplinary case has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's attempted Due Process claim challenging the September 15, 2015 disciplinary hearing conducted by defendant CRUZ lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**Defendant BROWN**

Plaintiff claims his Counsel Substitute, defendant BROWN, failed to obtain a statement from inmate Mata and did not prevent the Disciplinary Hearing Officer, defendant CRUZ, from violating plaintiff's Fourteenth Amendment Due Process rights.

A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant BROWN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104

L.Ed.2d 338 (1989).

**Defendants WARD, PATTON, and BEACH**

Plaintiff claims his right of Access to the Courts and his Fourteenth Amendment rights were violated by defendants WARD, PATTON, and BEACH during the course of his attempts to exhaust administrative remedies.

The restriction of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). To the extent plaintiff's claim against defendants WARD, PATTON, and BEACH is merely that they failed to adequately investigate or satisfactorily resolve his grievances, plaintiff's Fourteenth Amendment Due Process claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to any claim that defects in the processing of plaintiff's grievances resulted in a violation of his right to utilize the grievance process to appeal his disciplinary case or his right of Access to the Courts, review of the grievances plaintiff says he submitted which were connected in any way to the disciplinary case shows plaintiff received access to the grievance process to appeal his disciplinary case.

Plaintiff does not list K. WARD as a defendant in the style or in his list of defendants on his complaint. Nevertheless, in paragraph 31 of the hand-printed addition to his Statement of Claim, plaintiff claims K. WARD violated plaintiff's due process rights by failing to investigate the complaint on plaintiff's step 2 grievance #2016033473. Nevertheless, plaintiff, himself, states he forgot to sign and date the step 2 grievance in question, in violation of TDCJ grievance procedures. The unsigned and undated grievance was not eligible for processing. If defendant WARD checked the wrong box on the form indicating the reason for the rejection of the grievance in the screening process, this does not show plaintiff was denied any Due Process or Access to the Courts. His own allegations demonstrate the grievance was subject to rejection for not being in compliance with TDCJ grievance rules. Plaintiff's claim against defendant WARD is without a basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The PLRA exhaustion requirement requires proper exhaustion in compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

As to defendants BEACH and PATTON, plaintiff alleges that, in his attempts to appeal the disciplinary case, he filed several Step 1 grievances as follows:

1.      Plaintiff alleges he filed a Step 1 grievance (plaintiff does not identify the grievance number or date of submission) appealing disciplinary case # 20160011430 but says it was not processed and returned to him[5].

"The failure of prison officials to respond to a grievance does not constitute a valid

---

[5]See Paragraph 14 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

excuse for failure to exhaust administrative remedies." *Johnson v. Cheney*, No. 2:07-CV-0004, 2008 WL 534606, at *3 (N.D.Tex. Feb. 8, 2008), *adopted by* Order, 2008 WL 541762 (N.D. Tex. Feb. 27, 2008); see also *Curry v. Alexandre*, No. 05-1873-LC, 2006 WL 2547062, at *3 (W.D. La. June 19, 2006) (citing *Wright . Hollingworth*, 260 F.3d 357, 358 (5th Cir. 2001)) (stating "a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance(s) was ignored").

Plaintiff says he later filed a Step 2 grievance appeal on November 15, 2015, which was denied[6]. Plaintiff does not definitively state this Step 2 grievance was for the Step 1 grievance discussed above, but assuming it to be so, the facts he presents show the Step 2 grievance was not eligible to be processed as it did not meet the standard established by TDCJ regulations; that is, it was not signed and dated. Plaintiff also does not state who denied at Step 2 it or what reason was given. Nevertheless, all the facts presented by plaintiff indicate the denial was done by someone at a higher level in the grievance process than any of the named defendants and that the denial was legitimate and did not constitute a denial of access to the grievance process or the courts. Instead, the denial was the result of plaintiff's failure to comply with TDCJ grievance procedures.

2.      Plaintiff alleges he filed a Step 1 grievance no. 2016033473 on October 25, 2015 complaining that he had been denied the right to file an appeal grievance on his disciplinary case[7]. He says defendant BEACH responded to his Step 1 grievance no. 2016033473 on Nov. 10, 2015 and stated that the disciplinary case was not entered into the computer at the time the

---

[6]See Paragraph 23 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

[7]See Paragraph 15 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

grievance was screened[8]. Plaintiff argues this statement is erroneous and that defendant BEACH referenced the wrong disciplinary case. Plaintiff contends this proves the defendants were not letting him appeal the disciplinary case. Plaintiff has alleged no fact to support this allegation of malice, that is, that any error, if there was one, was purposeful. This speculative allegation is not sufficient to support a claim of intent. Further, this error did not prevent plaintiff from grieving the disciplinary case, as he still had the ability to appeal any error in the handling of his Step 1 grievance and, therefore, still had access to the grievance system on the issues in the Step 1 grievance.

Plaintiff submitted an appeal of Step 1 grievance no. 2016033473 by filing a Step 2 grievance, but plaintiff says he forgot to sign and date the Step 2 grievance, as required by TDCJ policy[9]. Plaintiff's own failure to follow TDCJ grievance policy resulted in the denial of the Step 2 grievance and constitutes a failure to exhaust administrative remedies with respect to the issues raised in grievance no. 2016033473. These facts do not support a claim of a denial of access to the grievance process or to the courts.

3.     Plaintiff alleges he filed a Step 1 grievance no. 2016041445 on Nov. 9, 2015, complaining that his step 1 grievance appealing disciplinary case # 20160011430 was never returned[10]; however, plaintiff says this grievance was correctly screened and rejected on November 10, 2015 because he had submitted more than one grievance in a seven-day period[11].

---

[8]See Paragraph 18 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

[9]See Paragraph 19 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

[10]See Paragraph 17 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

[11]See Paragraph 20 and Paragraph 32 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

Thus, it is clear the refusal to process grievance no. 2016041445 was the proper result of plaintiff's own failure to follow TDCJ grievance procedures and plaintiff did not exhaust administrative remedies with respect to the issues raised in grievance no. 2016041445. These facts do not support a claim of a denial of access to the grievance process or to the courts.

      4.      Plaintiff alleges he then filed Step 1 grievance no. 2016043109 on November 13, 2015 repeating the same complaint as was in grievance no. 2016041445 which had been properly rejected on screening[12]. Plaintiff says the new grievance was also rejected as a submission in excess of one grievance in a seven-day period[13]. Plaintiff contends this rejection was not legitimate because he had not submitted another grievance within the seven-day period[14]. Plaintiff's own allegations, however, refute this contention, as he has already pled he submitted Step 1 grievance no. 2016041445 on November 9, 2015, which was clearly within the same seven-day period as the November 13, 2015 Step 1 grievance no. 2016043109. Thus, plaintiff did not follow TDCJ grievance procedures to exhaust administrative remedies with respect to the issues raised in grievance no. 2016043109. These facts do not support a claim of any denial of access to the grievance process or to the courts.

      Plaintiff's allegations show that he had access to the grievance system and, thus, to the courts, but that he failed to comply with TDCJ grievance procedures in his efforts to appeal his disciplinary case. These facts do not state a claim on which relief can be granted.

---

[12]See Paragraph 21 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

[13]See Paragraph 22 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

[14]See Paragraph 33 of plaintiff's hand-printed addendum to his Statement of Facts attached to his Complaint.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff QUINTIN TAYLOR be DISMISSED WITH PREJUDICE AS FRIVOLOUS, WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET, and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 24th day of May, 2016.



MARY LOU ROBINSON
United States District Judge